Battle, J.
It is apparent from the pleading, that James H. Blake, a joint surety with the plaintiff, David T. Caldwell, in the judgment obtained by the defendant, the president and directors of the Bank of the State of Worth Carolina, which the plaintiffs seek to enjoin, and the cestui que trust in the deed in trust executed to the defendant, Wilson’s testator, Morrison, are necessary parties to the suit,before any final decree can be made — Fisher v. Worth, Busb. Eq. Rep. 63. For this cause the defendants filed a demurrer in the court below, in which, however they omitted to state the names of the persons *277 who ought to have been made parties. The demurrer was by reason of this omission, defective and ought to have been overruled. But the defendants now insist, by a' demurrer ore tenus on the same objection for the want of the persons, above referred to, as proper parties. The objection is a valid one., and may be taken in this way — Gordon v. Holland, 3 Ired. Eq. 362 ; Story Eq. Pl. sec. 541. The effect of the objection thus taken is not necessarily that the bill must be dismissed, but it may stand over with leave to amend, by adding the necessary parties — Gordon v. Holland, citing Calvert, 176, Sor. Eq. Pl. sec 264. But if it -were dismissed, it would be without prejudice and without' costs — Story Eq. Pl. sec 541. As the case comes before us upon an appeal from an interlocutory order, continuing the injunction until the hearing, the injunction must be dissolved, but without costs, and this opinion will be certified, to the end, that the plaintiffs may proceed in the court below as they may be advised.
Decree accordingly..